Caria, per

Wardlaw, J.
This court has not entered fully upon the consideration of the instructions given to the jury upon the points submitted to them, and refrains from the expression of any opinion as to them.
The plaintiffs complain that the question of undue preference was decided as a matter of law, whereas the intention should have been left as a fact to the jury; and although it may be, that the facts from which the intention is to be collected are plain, and that the plaintiffs would really be less embarrassed in appealing from the decision of a judge, that an ascertained state of' facts does not constitute undue preference, than from the general verdict of a jury, by which all facts must be supposed to have been found that are necessary to sustain it- — yet, as the plaintiffs complain, and as the Act of 1788 requires that the suggestion of undue preference should be submitted to a jury, this court is reluctantly constrained to send the case back for a new trial.
It may be considered as settled, that no preference is undue which is not fraudulent; the purpose or intention is a material inquiry, and two defendants in like circumstances, with different purposes, may meet different facts. The intention is a question for the jury ; there is no fixed principle or rule by which the court, as to it, can attain a conclusion for any statement of circumstances. But htt reference to this question, the jury must be instructed as to the nature of fraud, and the proof of it, and as to the preference which the law permits to be made, where a fraudulent purpose does not appear; and in the decision, the jury must regard their obligation to obey the law, and *238 feel that every administration of law is both tyranical and unjust, where, in different cases, the same premises lead to different conclusions.
The motion for a new trial is granted.
O’Neall', Richardson, Evans and Botler, JJ. concurred.